UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Gregory L. Meyers, Debtor | : | Chapter 7 |
| | : | |
| Deanna P. Bierley, Plaintiff | : | Case No. 1:09-bk-09310 |
| v. | : | |
| Gregory L. Meyers, Defendant | : | Complaint to Determine Dischargeability |

## COMPLAINT UNDER SECTION 523(a)(2)

COMES NOW Deanna P. Bierley, Plaintiff herein, by and through her undersigned attorney, and for her Complaint against the Defendant states to the Court as follows:

1. The Defendant is the Debtor in this Chapter 7 case, having filed his Chapter 7 Petition on or about December 1, 2009.

2. Plaintiff is a creditor of the Defendant, and is listed as such on Schedule F of Debtor's Petition.

3. This is an adversary proceeding to determine the dischargeability of a debt, over which the Court has jurisdiction under 11 U.S.C. § 523(c).

4. Defendant is indebted to Plaintiff in the sum of $125,000.00 on a debt for obtaining property by false pretenses, false representations and/or actual fraud, as set forth hereinafter.

5. On or about September 6, 2006, Plaintiff delivered $125,000.00 to Defendant for the purchase from Defendant of a one-half (½) interest in residential real estate known as 295 Stone Gate Circle South, Chambersburg, Franklin County, Pennsylvania.

6. Prior to paying the aforementioned sum to Defendant, Defendant had promised to apply the said sum to pay down the balance on Defendant's existing mortgage on the real estate, which was owed to Orrstown Bank.

7. Despite his prior assurances that the funds would be used solely to pay down the mortgage balance, after receiving the $125,000.00 from Plaintiff, Defendant did not apply those funds as promised and, upon information and belief, used those funds for other purposes.

8. Furthermore, Defendant failed to execute a new deed to transfer legal title to a one-half (½) interest in the real estate to Plaintiff, leaving Plaintiff with only an equitable interest in said real estate.

9. Due to Defendant's failure to utilize the funds obtained from Plaintiff to reduce the balance on the mortgage as promised, the balance on said mortgage, according to Schedules A and D of Defendant's Petition, is $184,607.00, while the value of said real estate is only $180,000.00 according to said Schedules.

10. The $125,000.00 debt owed by Defendant to Plaintiff is non-dischargeable under Section 523(a)(2) of the Bankruptcy Code.

WHEREFORE, Plaintiff respectfully requests that the Court determine that the debt of $125,000.00 owed to Plaintiff by Defendant is non-dischargeable; enter judgment in favor of Plaintiff and against Defendant in the amount of $125,000.00; and grant such further relief as the Court may deem just and equitable in the circumstances, including reasonable costs and attorney's fees.

Respectfully submitted,

Date: Mar. 11, 2010

_____
John W. Frey, Attorney for Plaintiff
Dick, Stein, Schemel, Wine & Frey, LLP
13 West Main Street, Suite 210
Waynesboro, Pennsylvania 17268
(717) 762-1160    PA Bar No. 45450

## PROOF OF SERVICE

I HEREBY VERIFY that I have served the foregoing document upon Debtor's counsel, the Chapter 7 Trustee and the United States Trustee by electronically filing with the Bankruptcy Court on the date set forth below.

Date: Mar. 11, 2010

_____
John W. Frey, Attorney for Plaintiff